## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEON WEINGRAD, <br><br> Plaintiff, <br> v. <br><br> "NATIONAL HEALTH ENROLMENT CENTRE" <br><br> Defendant. | Case No. <br><br> **JURY TRIAL DEMANDED** |

## PLAINTIFF'S COMPLAINT

Plaintiff Leon Weingrad ("Mr. Weingrad"), by his undersigned counsel, for this complaint against John Doe Defendant "National Health Enrolment Centre," as well as its present, former and future direct and indirect parent companies, subsidiaries, affiliates, agents and related entities, alleges as follows:

### I.   INTRODUCTION

1. <u>Nature of Action</u>: "Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers,' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms,' *id.* § 2(9)." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649 (4th Cir. 2019).

2. "[T]he law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.'). . . . [P]rivate suits can seek either monetary or injunctive relief. [47 U.S.C. § 227(c)(5)]. . . . This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Id*. at 649-50.

3. Plaintiff brings this action against Defendant for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") for making telemarketing calls to numbers on the National Do Not Call Registry, including his own.

## II.     PARTIES

4. Plaintiff Weingrad is an individual who resides in the Eastern District of Pennsylvania.

5. The true identity of the entity sued as "National Health Enrolment Centre" is unknown at this time but is ascertainable through telephone records.

### III. JURISDICTION AND VENUE

6. <u>Jurisdiction.</u> This Court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. 47 U.S.C. § 227; *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012). The Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) because Plaintiff's claim for violations of the Pennsylvania Telemarketer Registration Act relates to the same telemarketing campaign as the TCPA claim.

7. <u>Venue</u>: Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims—namely, the illegal telemarketing at issue—was sent into this District.

### IV. FACTS

**A.   The Enactment of the TCPA and its Regulations**

8. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

9. Section 227(c) of the TCPA requires the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

10. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

11. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

12. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are made. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

**B.     The Pennsylvania Telemarketer Registration Act**

13. Realizing the particular harm to Pennsylvania residents that unsolicited telemarketing calls to them poses, the General Assembly passed Sections 2241 through 2249 of section 73 of the Pennsylvania Consolidated Statutes, which requires all "telemarketing businesses" and "telemarketers" to register as such with the Pennsylvania Attorney General at least 30 days prior to "offering for sale consumer goods or services through any medium." It is unlawful for a telemarketer to initiate a telephone call to a consumer without registering with the Office of Attorney General. 73 PA. CONS. STAT. § 2243.

14. Health insurance and insurance brokerage services are services covered by the statutory definition of "telemarketing" for which there is no exemption for being a "telemarketer." *Id*. § 2242.

15. A violation of the Telemarketer Registration Act is also a violation of the Unfair Trade Practices and Consumer Protection Law (UTP/CPL). *Id*. § 2246(a). The UTP/CPL provides for a private right of action for violations thereof, for either attorneys fees and costs, together with actual damages or statutory damages of $100, which can be up to trebled. 73 PA. CONS. STAT. § 201-9.2(a).

16. Upon information and belief, the Defendant is not registered with the Pennsylvania Office of Attorney General, nor can it be, particularly as it illegally uses the fake name "National Health Enrolment Centre" to conceal its identity.

C. **Unsolicited Telemarketing to Plaintiff**

17. Plaintiff Weingrad is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

18. Plaintiff's residential telephone number is (267)-XXX-XXXX, is on the National Do Not Call Registry, and has been for more than a year prior to the calls at issue.

19. Mr. Weingrad uses the number for personal, residential, and household reasons.

20. Plaintiff Weingrad never consented to receive calls from Defendant.

21. Plaintiff Weingrad never did business with the Defendant.

22. Despite this, Plaintiff received a total of at least 26 automated telephone calls from the caller IDs 267-200-9620, 267-215-5763, 267-215-5803, 267-215-5871, 267-282-3676, 267-293-5432, 267-293-5434, 267-313-6263, 267-313-6305, 267-356-5906, 267-369-9126, 267-413-8938, 267-429-8460, 267-465-5198, 267-465-5220, and 267-465-5225.

23. The calls were sent between December 13, 2023 and December 16, 2023 and solicited him to sign up for health insurance.

24. Plaintiff answered three of the calls.

25. The first two calls Plaintiff answered were on December 13, 2023 from the caller IDs 267-293-5434 and 267-293-5432. The callers identified themselves as calling from the "National Health Enrolment Centre."

26. Because the Plaintiff was not interested, he hung up on the calls.

27. The Plaintiff also answered a call on December 15, 2023 from the caller ID 267-465-5198. Again, the caller identified themselves as calling from the "National Health Enrolment Centre."

28. When each of the caller IDs articulated above in Paragraph 22 are called, they connect to agents who identify themselves as calling from the "National Health Enrolment Centre."

29. It is, however, nearly impossible to further identify the caller except through subpoena because the representatives will often hang up on the caller and "ban" the caller's caller ID from future calls if the caller does not meet the specific criteria for health insurance the call centre is looking to enrol.

30. The calls were unwanted.

31. The calls were evidently not sent for an emergency purpose.

32. Plaintiff Weingrad never signed up to receive any communications from the Defendant and indeed had no prior business with them whatsoever.

33. Plaintiff's privacy has been violated by the above-described telemarketing messages.

34. Plaintiff never provided his consent or requested these messages.

35. Plaintiff has been harmed by the acts of Defendant because his privacy has been violated and he were annoyed and harassed. In addition, the calls occupied his telephone line, storage space, and bandwidth, rendering them unavailable for legitimate communication, including while driving, working, and performing other critical tasks.

## FIRST CAUSE OF ACTION
### Telephone Consumer Protection Act
### Violations of 47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c)
### (On Behalf of Plaintiff)

36. Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

37. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to Plaintiff despite his number being on the National Do Not Call Registry.

38. Defendant's violations were negligent, willful, or knowing.

39. As a result of Defendant's, and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff is presumptively entitled to an award of between $500 and $1,500 in damages for each call made.

40. Plaintiff is also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to telephone numbers registered on the National Do Not Call Registry, except for emergency purposes, in the future.

**SECOND CAUSE OF ACTION**
**Pennsylvania Telemarketer Registration Act**
**Violations of 73 PA. CONS. STAT § 2243**
**(On Behalf of Plaintiff)**

41. Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

42. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the Pennsylvania Telemarketer Registration Act, § 2243, by making "telephone solicitation call" as a "telemarketer", to Plaintiff despite not registering with the Office of Attorney General at least thirty days prior to the calls at issue.

43. Defendant's violations were negligent, willful, or knowing.

44. As a result of Defendant's, and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf, violations of the Pennsylvania Telemarketer Registration Act, § 2243, Plaintiff is presumptively entitled to their statutory damages of up to $300 for each violation under 73 PA. CONS. STAT. § 201-9.2(a), plus all reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually, prays for the following relief:

A. An order enjoining Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to numbers on the National Do Not Call Registry, absent an emergency circumstance;

B. An order requiring Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf to register as telemarketers with the Attorney General of Pennsylvania and use such legitimate information as registered on any future calls they make;

C. An award to Plaintiff of damages, as allowed by law;

D. An award to Plaintiff for his Counsel's reasonable attorney's fees and the costs of prosecuting this action; and

E. Orders granting such other and further relief as the Court deems necessary, just, and proper.

## V.     DEMAND FOR JURY

Plaintiff demands a trial by jury for all issues so triable.

RESPECTFULLY SUBMITTED AND DATED this December 26, 2023.

>   */s/ Andrew Roman Perrong*
>   Andrew Roman Perrong, Esq.
>   Perrong Law LLC

                                            2657 Mount Carmel Avenue
                                            Glenside, Pennsylvania 19038
                                            Phone: 215-225-5529 (CALL-LAW)
                                            Facsimile: 888-329-0305
                                            a@perronglaw.com