IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEON WEINGRAD,<br><br>Plaintiff,<br>v.<br><br>"NATIONAL HEALTH ENROLMENT CENTRE"<br><br>Defendant. | Case No. 2:23-cv-05114<br><br>**JURY TRIAL DEMANDED** |

**MEMORANDUM IN RESPONSE TO ORDER TO SHOW CAUSE**

Pursuant to this Court's order to show cause of May 21, 2024 (ECF No. 5), the Plaintiff, through the undersigned counsel, respectfully files this Memorandum in response to this Court's order to show cause:

**Background**

The Plaintiff, through counsel, initiated this case against the John Doe entity identified as "National Health Enrolment Centre" on December 27, 2023 (ECF No. 1). Thereafter, the Plaintiff moved for leave to issue a subpoena to the telephone company associated with the calls in an effort to identify the John Doe entity (ECF No. 2). That motion was pending until the case was reassigned from Judge Pratter to Judge Kearney, who denied the motion without prejudice in the instant Order (ECF No. 5). In the Order, the Court noted that FED. R. CIV. P. 4(m) imposes a time limit for a summons to be served "within 90 days after the complaint is filed," which would have tolled in late March. On that basis, the Court denied without prejudice the motion for discovery and ordered the Plaintiff to show cause for why the case should not be dismissed for failure to serve the summons as provided by Rule 4(m). The Plaintiff respectfully proffers that the "good cause" standard in Rule 4(m) has been met and should apply in this case, and

1

respectfully requests (1) that the Court permit the Plaintiff to re-file his motion for leave to issue a subpoena and (2) extend the time for service as permitted by Rule 4(m) to 90 days after receiving a response to the subpoena, if the motion is granted, as good cause has been shown for the failure to serve the John Doe entity in the requisite time.

## Law and Response

FED. R. CIV. P. 4(m) governs the time to serve a summons. Under its explicit text, the Plaintiff must serve the defendant within 90 days after the complaint is filed. Should that time period expire, the Court *must* either dismiss the action without prejudice as to that Defendant *or* order that service be made "within a specified time." The Court also *must* extend the time for service "for an appropriate period" upon the Plaintiff's showing of good cause. For the reasons that follow, the circumstances of this case demonstrate a textbook showing of good cause as required by the Rule.

Here, the Plaintiff made clear from the outset of the case that he was able to identify the caller from the caller IDs for the calls he received, which were not spoofed and in fact rung back to entities identifying themselves as the "National Health Enrolment Centre." (ECF No. 1 ¶ 28). The Plaintiff acted timely, immediately filing the motion for leave to serve the subpoena after counsel filed the Complaint. (ECF No. 2). As that motion made clear, the Plaintiff was and remains unable to serve a fictitious entity identified as the "National Health Enrolment Centre" until he receives a response to the subpoena sought to identify the true identity of the party using such fictitious name via its telephone subscriber records. (ECF No. 2, p. 3 (citing *Strike 3 Holdings, LLC v. Doe*, 964 F.3d 1203, 1207 (D.C. Cir. 2020))). Until that time, the Plaintiff is unable to effectuate service of process on an entity identified only through the fictitious name and telephone numbers it used.

The Third Circuit's recent opinion in *Moore v. Walton* shows why this case is a textbook application for the "good cause" standard articulated in Rule 4(m). There, the Third Circuit affirmed the District Court's finding of good cause for failing to serve a defendant whose name was spelled incorrectly and where the plaintiff had made multiple attempts to straighten out the defendant's name, which was compounded by the defendant's "willful failure to provide assistance" in ascertaining the spelling of the name "until after the statute of limitations elapsed." 96 F.4th 616, 628 (3d Cir. 2024). The Third Circuit clarified that the "good cause" standard of Rule 4(m) is akin to an "excusable neglect" standard requiring the plaintiff to show only "good faith" and "some reasonable basis for noncompliance within the time specified in the rules." *Id.* at 627.

Here, no facts indicate that Plaintiff or the undersigned counsel were acting in bad faith. Indeed, as described above, the Plaintiff made clear from the outset of the case that the matter was being initiated as a *John Doe* action and the undersigned counsel immediately filed the motion seeking leave to issue the subpoena. The Plaintiff and undersigned counsel were simply waiting for the Court to rule on the motion, at which point they intended to issue the subpoena, receive a response, amend the complaint, add in the entity identified, and seek issuance of a revised summons directed to the correct legal entity. Thus, there was a reasonable basis for noncompliance within the time specified in the rules, as it is impossible to serve an entity identified only through a fictitious name until the Court entered an order disposing of the motion. Assuming that the motion would be granted, the Plaintiff would then have timely served the subpoena, obtained the identity of the legal entity, and then amended the complaint and served the legal entity.

Accordingly, the Plaintiff has shown good cause for failure to serve the summons on the unidentified *John Doe* entity within the 90 days required, as the motion to uncover this defendant's identity was frustrated by the delay in obtaining a ruling on the motion. And because good cause has been shown, the Court *must* extend the time for service "for an appropriate period," under the dictates of Rule 4(m).

Therefore, the Plaintiff respectfully requests (1) that the Court grant Plaintiff leave to re-submit his motion for issuance of a subpoena and (2) if the motion is granted, extend the time period for service of the summons to 90 days after the Plaintiff has received a response to the subpoena which identifies the true name and other pertinent information of the Defendant being sought.

**Conclusion**

Because good cause has been shown for the failure to serve the Defendant, the Court should discharge its order to show cause, permit the Plaintiff to resubmit his motion, and permit 90 days for the Plaintiff to serve the proper entity once it has been ascertained via a response to the subpoena.

Dated: **May 25, 2024**

          */s/ Andrew Roman Perrong*
          Andrew Roman Perrong, Esq.
          Perrong Law LLC
          2657 Mount Carmel Avenue
          Glenside, Pennsylvania 19038
          Phone: 215-225-5529 (CALL-LAW)
          Facsimile: 888-329-0305
          a@perronglaw.com

          *Counsel for Plaintiff*