IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEON WEINGRAD,<br><br>    Plaintiff,<br>v.<br><br>"NATIONAL HEALTH ENROLMENT CENTRE"<br><br>    Defendant. | Case No. 2:23-cv-05114<br><br>**JURY TRIAL DEMANDED** |

## SECOND MOTION FOR LEAVE TO SERVE A THIRD-PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE

Pursuant to Fed. R. Civ. P. 26(d)(1), Plaintiff hereby moves this honorable court to enter an order granting Plaintiff leave to serve a third-party subpoena under Rule 45 on Onvoy, LLC, and any subsequent downstream providers as it may identify, prior to a Rule 26(f) conference, seeking the subscriber identity, to include the name of the subscriber, address, contact telephone number, website, and e-mail address for the telephone numbers 267-200-9620, 267-215-5763, 267-215-5803, 267-215-5871, 267-282-3676, 267-293-5432, 267-293-5434, 267-313-6263, 267-313-6305, 267-356-5906, 267-369-9126, 267-413-8938, 267-429-8460, 267-465-5198, 267-465-5220, and 267-465-5225. This motion was previously denied without prejudice and the Plaintiff ordered to resubmit it, as more fully explained in the Court's order at ECF No. 7. In support thereof, Plaintiff states the following:

  **I. INTRODUCTION**

As set forth in Plaintiff's complaint, in December of 2023, Plaintiff received calls which he alleges violated the Telephone Consumer Protection Act ("TCPA") from an entity calling his number on the Do Not Call Registry calling to solicit him for health insurance. Compl. ¶¶8–35.

1

The calls came from the apparently legitimate caller IDs 267-200-9620, 267-215-5763, 267-215-5803, 267-215-5871, 267-282-3676, 267-293-5432, 267-293-5434, 267-313-6263, 267-313-6305, 267-356-5906, 267-369-9126, 267-413-8938, 267-429-8460, 267-465-5198, 267-465-5220, and 267-465-5225, which, when called back, transfer to agents of the "National Health Enrolment Centre." *Id.* ¶¶22, 28. Of note, all the actions complained of, and subsequent investigation, occurred in December of 2023. Accordingly, the subpoena sought will seek subscriber information for that month.

However, the Plaintiff does not know the legal entity who placed the calls. When the numbers are called back, each of the numbers simply rings back to agents who parrot the same fake name and "ban" the caller's Caller ID if they are unable to make a sale, and the calls themselves did not otherwise identify the caller, other than the fact that they were calls to sell health insurance. *See* Compl. ¶¶25, 27, 28, 29. The Plaintiff and his counsel are also ignorant of any address to serve the Defendant because Defendant used this false name.

Counsel for Plaintiff has queried the database of iconectiv, the company charged by the Federal Communications Commission to administer the Number Portability Administration Center, which is the master database which lists which telephone provider services a particular number, among other information required to route telephone calls to the proper provider. Searching the above-described telephone numbers in this database reveals that every one of the numbers are serviced by Onvoy, LLC. This database does not reveal subscriber identity, however, as that information remains with the carrier, in this case, Onvoy, LLC.

In short, seeking the subscriber information for the telephone numbers from their respective carrier, Onvoy, LLC, and any downstream carriers it may use, is the only way in which Plaintiff will be able to ascertain the true identity of the caller and effectuate service of

process. Plaintiff and his counsel will only use this information to prosecute the claims made in its Complaint and any amended pleadings in this matter. Without this information, Plaintiff cannot pursue this lawsuit to hold the caller that called him accountable for its actions in violating the TCPA.

## II. LEGAL ARGUMENT

### a. Legal Standard Governing Discovery Requests to Identify an Anonymous Defendant

Cases such as this are the paradigm for when courts should grant leave to conduct pre-Rule 26(f) conference discovery. "In cases involving as-yet-unknown defendants, in which the plaintiff cannot serve its complaint—much less confer with the defendant—without obtaining identifying information from a third party, 'the only potential avenue for discovery is a court order under Rule 26(d)(1).'" *Strike 3 Holdings, LLC v. Doe*, 964 F.3d 1203, 1207 (D.C. Cir. 2020) (internal brackets and citations omitted) (emphasis added).

The Third Circuit has instructed that where discovery is sought that "would aid in the identification of responsible defendants or the lack thereof, district courts *should strongly consider granting it*." *Alston v. Parker*, 363 F.3d 229, 233 n.6 (3d Cir. 2004) (emphasis added); *Athill v. Speziale*, No. 06-4941, 2009 WL 1874194, at *14 (D.N.J. June 30, 2009) ("Plaintiffs should thus be allowed every opportunity to identify the unknown defendants."); *see also Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003) ("[C]ourts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is 'clearly frivolous.'"). And, "[i]n conducting any discovery inquiry, the Third Circuit has suggested that district courts risk reversal if their rulings will make it impossible for any party to 'obtain crucial evidence[.]'" *Strike 3 Holdings, LLC v. Doe,* No. 18-12585 2020 WL 3567282 at *5 (D.N.J. June 30, 2020) (quoting *In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 818 (3d Cir. 1982)).

"Ordinarily, a party may not seek discovery prior to a Rule 26(f) conference absent a court order. [However], [f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." *K-Beech, Inc. v. Doe*, No. 11-7083, 2012 WL 262722, at *2 (E.D. Pa. Jan. 30, 2012). "'Good cause' is understood to mean '[a] legally sufficient reason,' and it reflects 'the burden placed on a litigant (usu. by court rule or order) to show why a request should be granted or an action excused.'" *Joseph v. Hess Oil Virgin Islands Corp.*, 651 F.3d 348, 351 (3d Cir. 2011) (citation omitted). In this District, courts typically determine whether "[g]ood cause exists to allow the issuance of a subpoena at this early stage," based on five factors:

> (1) plaintiff makes a *prima facie* showing of a claim, (2) plaintiff submits a specific discovery request, (3) there is an absence of alternative means to obtain the subpoenaed information, (4) there is a central need for the subpoenaed information, and (5) the defendant has a minimal expectation of privacy.

*Malibu Media, LLC v. Doe*, No. 13-2864, 2013 WL 2392923, at *1 (E.D. Pa. May 31, 2013). Although the Plaintiff notes that an almost identical motion to this one was granted in six other cases in this District, the Plaintiff will address each of these factors in turn. Order, *Perrong v. Pub. Op. Rsch.*, No. 2:20-cv-5317 (E.D. Pa. Nov. 9, 2020), ECF No. 4; Order, *Perrong v. Does 1–10*, No. 2:20-cv-5980 (E.D. Pa. Apr. 12, 2021), ECF No. 12; Order, *Perrong v. Caller Identified as Jennifer*, No. 2:21-cv-02188 (E.D. Pa. June 4, 2021), ECF No. 4; Order, *Perrong v. Dental Servs.*, No. 2:22-cv-01234 (E.D. Pa. Apr. 8, 2022), ECF No. 5; Order, *Perrong v. Personal Injury Lead Generator*, No. 2:22-cv-02628 (E.D. Pa. July 28, 2022); Order, *Perrong v. CMI Research*, No. 2:22-cv-03733 (E.D. Pa. Sept. 29, 2022).

    **b. Good Cause Exists to Grant Plaintiff's Motion.**

*First,* the Plaintiff has demonstrated a *prima facie* claim for violations of the Telephone Consumer Protection Act. The Plaintiff has alleged that he received at least twenty-six calls from

4

the Defendant from the above-described caller IDs. Compl. ¶ 22. The Plaintiff has alleged that the calls were made to sell insurance and were sent to a number on the National Do Not Call Registry. *Id.* at ¶¶18, 23. The TCPA makes it unlawful to send a solicitation call to a subscriber on the National Do Not Call Registry. *See* 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c). Accordingly, the Plaintiff has stated a *prima facie* claim for TCPA violations.

    *Second,* the Plaintiff seeks discovery for specific concrete information pertaining to the telephone numbers at issue in the litigation as identified on the messages he received. As indicated above, the Plaintiff only seeks information to identify the subscriber of the telephone numbers at issue in this case, to include the name of the subscriber, address, contact telephone number, website, and e-mail address. In cases alleging copyright infringement, courts have determined that similar subscriber identity information pertaining to an IP (Internet Protocol) address was "highly specific." *Malibu Media, LLC v. Doe*, No. 18-766, 2018 WL 2386068, at *3 (D. Conn. May 25, 2018). In this case, the specificity of the subpoenaed information to the calls is all the more evident for two reasons. First, the callers all stated that they were calling from the same entity and the calls, when called back, go back to the same entity. As a result, it is exceedingly unlikely that the calls came from "spoofed" caller IDs because if they did, one would expect the calls to ring back to different callers and/or disconnected numbers. Second, the calls all used the same telephone service provider. It makes sense that a company using multiple numbers to telemarket would use the same provider for all its numbers for identical conduct.

    *Third,* there exist no alternative means whereby the Plaintiff can obtain the subpoenaed information. Calling the telephone numbers leads to a dead end because the calls simply parrot the same fictitious name, "National Health Enrolment Centre," and the caller is summarily banned if they do not answer the call centre's questions correctly. Therefore, apart from a

subpoena, there is no other way to identify the company further. No other entity was identified on any of the messages or by calling back. The name provided by the Defendant is generic and is designed to conceal its identity. Finally, searching information about the telephone numbers themselves on the internet turns up empty. A simple Google search of the numbers or the name used on the calls simply leads to sites stating that the calls are an illegal lead generation scam for health insurance – statements which bolster the Plaintiff's case but are otherwise of little use. *See Catlin v. Glob.*, No. 14-CV-6324L, 2014 WL 3955220, at n1 (W.D.N.Y. Aug. 13, 2014) (TCPA defendant who stated that their company name was "Global").

  Additionally, counsel for the Plaintiff searching the numbers in the Caller ID Database and in national skip tracing databases turn up no results, with the Caller ID Database simply identifying "Unavailable" or the geographic area of the telephone numbers (Pennsburg, Pennsylvania). Just as "there is no practical way for plaintiff to learn the identity of the alleged infringer except through a subpoena on the Internet Service Provider," the same is true here. *Malibu Media, LLC v. Doe*, No. 13-2864, 2013 WL 2392923, at *1 (E.D. Pa. May 31, 2013). The Plaintiff has no way of identifying the caller's identity except through a subpoena on its telephone carriers. And although bad actors sometime "spoof" telephone numbers and caller IDs such as to frustrate identification efforts, here, the calls all originated from the same entity calling itself the "National Health Enrolment Centre" and when called back, all the agents repeat that they are with the same fictitious entity. That they do so, and that the telephone numbers all are associated with the same telephone carrier, is strong evidence that a subpoena will conclusively identify the caller.

  *Fourth*, there is a central need for the subpoenaed information. As previously described, the Plaintiff cannot properly serve the "National Health Enrolment Centre" or the entity on

whose behalf they were calling – or even confirm if this is the true name of the Defendant – without first ascertaining its identity from its telephone carrier. The identity of a defendant is critical to the ability of the plaintiff to serve process on defendant and proceed with the litigation. *Sony Music Entm't Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 566 (S.D.N.Y. 2004). And, once the Plaintiff has obtained this information, he and his counsel can further investigate his claims and confirm that he has a good-faith basis to proceed. *Strike 3 Holdings, LLC v. Doe*, No. 19-02552, 2019 WL 4855039, at *2 (S.D.N.Y. Oct. 2, 2019). Indeed, a sister court, in granting leave to conduct expedited discovery in a TCPA case under similar circumstances as here, held that "plaintiffs will be helpless to timely serve Global with the summons and complaint or to otherwise prosecute their case without that information." *Catlin*, 2014 WL 3955220, at *2. As this Court noted, as well, timely access to the identity of the caller is necessary so that the Plaintiff can have the summons in this matter properly served or the complaint promptly amended in order to name the correct entity responsible for the calls. Furthermore, the circumstances here justify ordering an expedited response without charge in light of the renewed July 29, 2024 deadline to serve the Defendant.

    *Finally,* the Defendant in this case has a minimal expectation of privacy in its own name and address. The Defendant sent multiple calls to the Plaintiff and attempted to engage the Plaintiff to try and sell him health insurance. Compl. ¶¶ 22-23. It did not identify itself except using this fictitious identity. *Id*. ¶ 28. Unlike in copyright infringement cases where an IP address is at issue, there is no federal statute protecting the release of a telephone subscriber's information, unlike IP addresses. Moreover, like in copyright infringement cases, the Defendant has no reasonable expectation of privacy when they took steps themselves to contact the Plaintiff, essentially holding its telephone number out to the world, let alone when regarding

7

potentially sensitive adult content. *See in re Verizon Internet Servs., Inc.*, 257 F. Supp. 2d 244, 267 (D.D.C. 2003). A company who violates this nation's telemarketing laws has little privacy interest in its own name and address. *Catlin*, 2014 WL 3955220, at *2.

### c. Granting this Motion Conforms to Existing Precedent

Plaintiff notes that courts frequently grant similar motions the TCPA context when critical information pertaining to the calls at issue in the case and the identity of the caller are only available from a telephone company. *See, e.g.*, *Richardson v. Virtuoso Sourcing Grp., L.L.C.*, No. 8:15-CV-2198-T-17JSS, 2015 WL 12862517, at *1 (M.D. Fla. Oct. 27, 2015) (expedited discovery in TCPA case in the context of motion for default judgment); *Catlin*, 2014 WL 3955220, at *2 (expedited discovery to serve defendant in a TCPA lawsuit). Indeed, five other judges in the Eastern District of Pennsylvania granted nearly identical motions with respect to Plaintiff. Order, *Perrong v. Pub. Op. Rsch.*, No. 2:20-cv-5317 (E.D. Pa. Nov. 9, 2020), ECF No. 4 (Pratter, J.); Order, *Perrong v. Does 1–10*, No. 2:20-cv-5980 (E.D. Pa. Apr. 12, 2021), ECF No. 12 (Rufe, J.); Order, *Perrong v. Caller Identified as Jennifer*, No. 2:21-cv-02188 (E.D. Pa. June 4, 2021), ECF No. 4. (Younge, J.); Order, *Perrong v. Dental Servs.*, No. 2:22-cv-01234 (E.D. Pa. Apr. 8, 2022), ECF No. 5. (Diamond, J.), *Perrong v. Personal Injury Lead Generator*, No. 2:22-cv-02628 (E.D. Pa. July 28, 2022), ECF No. 6. (Pappert, J.), *Perrong v. CMI Research*, No. 2:22-cv-03733 (E.D. Pa. Sept. 29, 2022), ECF No. 5 (McHugh, J.). Given that the interests here are similar to those in existing cases and given that the risks involved in obtaining such information are nowhere near as potentially harmful or embarrassing as those of copyright infringement of sexual content, the court should GRANT Plaintiff's Motion.

**III.     CONCLUSION**

For the foregoing reasons, the Court should GRANT the Plaintiff leave to serve a Rule 45 subpoena on Onvoy, LLC, and any subsequent downstream telephone providers as it may identify, prior to a Rule 26(f) conference, seeking the subscriber identity, to include the name of the subscriber, address, contact telephone number, website, and e-mail address for the telephone numbers 267-200-9620, 267-215-5763, 267-215-5803, 267-215-5871, 267-282-3676, 267-293-5432, 267-293-5434, 267-313-6263, 267-313-6305, 267-356-5906, 267-369-9126, 267-413-8938, 267-429-8460, 267-465-5198, 267-465-5220, and 267-465-5225 for the time period of December 2023. It should also order Onvoy to produce this information, without charge, within fourteen days of service of the subpoena on Onvoy.

Dated: **June 2, 2024**

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

*Counsel for Plaintiff*