**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LEON WEINGRAD, | Case No. 2:23-cv-05114 |
| Plaintiff, | |
| v. | **JURY TRIAL DEMANDED** |
| "NATIONAL HEALTH ENROLMENT CENTRE" | |
| Defendant. | |

**MOTION FOR FURTHER LEAVE TO SERVE SUBPOENA ON CONVOSO, INC AND TO EXTEND TIME FOR SERVICE**

Pursuant to this Court's Order partially granting Plaintiff's motion to serve a third-party subpoena on Onvoy LLC on June 3, 2024 (ECF No. 9), the Plaintiff served a subpoena and a copy of the Court Order on Onvoy LLC. On June 9, 2024, Onvoy LLC responded to the subpoena and "identified the following customer for all of the specified target numbers:"

> Convoso
> Attn: Nima Hakimi and Ernie Babinski
> 5955 De Soto Ave.
> Woodland Hills, CA 91367-5107
> Phone: 888-456-5454
> Email: carriers@convoso.com

Convoso, whose legal entity is a California corporation named Convoso, Inc., is not the end user of the telephone number, however. Convoso's website, and undersigned counsel's knowledge and experience, reveal that Convoso is a manufacturer and seller of turnkey artificial-intelligence automated contact centre software used by businesses, like the Doe Defendant, to market their products and services via telephone. *See Auto Dialer Software*, CONVOSO, https://www.convoso.com/products/autodialer-software/ [https://archive.md/WNWYg]. Convoso describes itself as "a leading contact center software provider (CCaaS) for sales and lead

1

generation teams." *Id.* In sum, Convoso likely did not make the calls the Plaintiff complains of. Those calls were made by Convoso's customer, the Doe Defendant identified here as the "National Health Enrolment Centre," using the services it purchased from Convoso, the service provider, either directly or using another third-party reseller.

As the Court's order of June 3, 2024 made clear, the Plaintiff was not permitted to "serve a Rule 45 subpoena on other service providers identified by Onvoy, LLC in response to the subpoena." Plaintiff now moves for leave to serve a Rule 45 subpoena on Convoso, Inc. in the same manner in which he served the subpoena on Onvoy, LLC. It is believed that the Plaintiff is now only this or another subpoena away from directly identifying the individual making calls as the "National Health Enrolment Centre." Moreover, the identification of Convoso as the provider for the call centre services used to make the calls, as opposed to individuals, different entities, or third parties, lends further support to the Plaintiff's allegations in his complaint that the calls originated from the same commercial source. In support of this motion, the Plaintiff relies upon his original motion and the points and authorities listed therein, incorporated by reference herein.

Because the Plaintiff requires and seeks leave for the issuance of an additional subpoena, the Plaintiff will be unable to serve the complaint by the July 10 deadline identified in the original order at ECF 9 because, as described, the Plaintiff requires and seeks leave to issue and receive a response to the additional subpoena being requested and further amend the complaint. Moreover, it would be inappropriate to name Convoso as a defendant at this juncture, and fully considering Rule 11 ramifications, because Convoso is merely a service provider used by the National Health Enrolment Centre and did not directly place the calls at issue.

Therefore, consistent with the Court's previous order, the Plaintiff respectfully requests that (1) he be required to serve the additional Rule 45 subpoena requested on Convoso, Inc.

within seven days of the Order, and (2) be permitted to amend the Complaint to add parties

consistent with Rule 11 no later than 31 days after service of the subpoena.

Dated: **June 16, 2024**

/s/ Andrew Roman Perrong
Andrew Roman Perrong, Esq.
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

*Counsel for Plaintiff*