IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEON WEINGRAD | : CIVIL ACTION |
| | : |
| v. | : NO. 23-5114 |
| | : |
| NATIONAL HEALTH ENROLMENT CENTRE | : |

## ORDER

**AND NOW**, this 17th day of June 2024, upon considering Plaintiff's Motion for leave (ECF No. 10) to serve a third-party subpoena upon Convoso, Inc. before a Rule 26(f) conference in this Telephone Consumer Protection Act case, and for good cause having found Plaintiff established good cause exists to serve a third-party subpoena on Convoso, Inc. based on Onvoy LLC's response to the timely subpoena identifying the customer with the specified target phone numbers as Convoso[1], it is **ORDERED** we **GRANT** Plaintiff's Motion (ECF No. 10) requiring we **amend** our June 3, 2024 Order (ECF No. 9) only to allow:

1. Plaintiff may serve Convoso, Inc. with a Rule 45 subpoena attaching this Order on or before **June 24, 2024** requiring Convoso, Inc. provide him with data evidencing or identifying the last known name, address, contact telephone number, website, and e-mail address of the person to whom Convoso, Inc. assigned the telephone numbers at issue in the Complaint but may <u>not</u> serve a Rule 45 subpoena on other service providers identified by Convoso, Inc. in response to the subpoena without further leave;

2. Convoso, Inc., if qualified as a "cable operator" under 47 U.S.C. § 522(5), shall comply with 47 U.S.C. § 551(c)(2)(b) by sending a copy of this Order to the person identified with the telephone numbers at issue in the Complaint;

3. Plaintiff may only use the information disclosed in response to a Rule 45

subpoena served on Convoso, Inc. for the purpose of timely amending its Complaint and thereafter serve the appropriate parties; and,

4. Plaintiff is granted leave to either voluntarily dismiss or amend its Complaint to add parties consistent with Rule 11 by no later than **July 19, 2024**.

KEARNEY, J.

---

[1] Under Fed. R. Civ. P. 26(d)(1), "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) . . . or by court order." We apply a good cause standard to requests for subpoenas prior to a Rule 26(f) conference. We consider "(1) the timing of the request in light of the formal start to discovery; (2) whether the request is narrowly tailored; (3) the purpose of the requested discovery; (4) whether discovery burdens the defendant; and (5) whether defendant can respond to the request in an expedited manner." *Strike 3 Holdings, LLC v. Doe*, No. 17-12784, 2018 WL 2010422, at *2 (D.N.J. Apr. 24, 2018).

We find these factors weigh in favor of granting Mr. Weingrad's requested relief. We do not typically allow discovery before a Rule 26(f) conference. We find it is necessary in this case because Mr. Weingrad must first obtain Defendant's name and contact information to complete service of process on Defendant and name them as a party to the action before a Rule 26(f) discovery conference may take place. The request is not burdensome, as Mr. Weingrad only requests the name, address, contact telephone number, website, and e-mail address of the subscriber who made the automated calls. Mr. Weingrad seeks this information so he may further litigate his claims. The fifth factor does not present a barrier to Mr. Weingrad's requested relief because Mr. Weingrad will not serve the subpoena on the Defendant.

We grant Mr. Weingrad's Motion to serve a third-party subpoena on Convoso, Inc. after he attempted to secure information under an earlier subpoena to Onvoy, LLC leading him to Convoso, Inc. *See Perrong v. Caller Identified as Connor*, No. 22-4479, 2023 WL 113957, at *1 (D.N.J. Jan. 4, 2023) (applying "good cause" standard to motion to serve third-party subpoena in TCPA case); *see also, Rotten Records, Inc. v. Doe*, No. 15-1267, 2015 WL 6002794 (W.D. Pa. Oct. 14, 2015) (applying good cause standard to *ex parte* motion for leave to serve third party subpoena prior to Rule 26(f) conference); *Malibu Media, LLC v. Doe*, No. 15-1703, 2015 WL 5829792 (M.D. Pa. Sept. 30, 2015) (applying "good cause" standard to *ex parte* motion for leave to serve third party subpoena prior to Rule 26(f) conference in copyright action against unnamed Internet subscriber at IP address); *Strike 3 Holdings, LLC v. Doe*, No. 17-13300, 2018 WL 783071 (D.N.J. Feb. 8, 2018) (applying "good cause" standard to motion for leave to serve a third-party subpoena to ascertain the identity of subscriber assigned IP address).

2