UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEON WEINGRAD, individually and on behalf of all others similarly situated, | : : : | CIVIL ACTION |
| Plaintiff, | : : | NO. 2:23-cv-05114-MAK |
| v. | : : | |
| TOP HEALTHCARE OPTIONS INSURANCE AGENCY, INC., | : : : | |
| Defendant. | : | |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT**

Defendant Top Healthcare Options Insurance Agency, Inc. ("**THO**"), pursuant to Rule 12(b)(6), Fed. R. Civ. P., moves to dismiss plaintiff Leon Weingrad's ("**Plaintiff**") First Amended Class Action Complaint (ECF No. 12; "**Complaint**"), which asserts claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("**TCPA**") (Count I) and the Pennsylvania Telemarketer Registration Act, 73 P.S. § 2243, *et seq.* ("**PTRA**") (Count II).

**I.      SUMMARY OF ARGUMENT**

Plaintiff asserts that THO violated the TCPA's "do not call" provisions by making telephone solicitations to him without his consent despite his phone number being on the national do not call registry. He also asserts a violation of the PTRA, alleging that THO made telemarketing calls to him without first registering with the Pennsylvania Attorney General.

Plaintiff's claims are deficient as a matter of law and should be dismissed with prejudice, as no amendment can cure the fatal deficiencies in the Complaint. The TCPA claim fails because Plaintiff admits that he is speculating about the content of all of the calls, except for one. He admits that he only answered a single call and knows nothing about the content of the other calls.

77694098;1

Courts have held under *identical* circumstances that a plaintiff cannot assert a claim under the "do not call" provisions of the TCPA, which requires Plaintiff to allege the receipt of "more than one" "telephone solicitation," which Plaintiff cannot do because he cannot plausibly allege anything related to "more than one" phone call.  This is an incurable and fatal defect.

The PTRA claim fails because it is universally known that there is no private cause of action under the PTRA.  In fact, Plaintiff's counsel (Mr. Perrong) has admitted as much to *this Court* in a prior case where he was a *pro se* Plaintiff.  *See Perrong v. CMI Mktg. Rsch. Inc.*, No. CV 22-3733, 2023 WL 6277299, at *3 (E.D. Pa. Sept. 26, 2023) (stating that "Mr. Perrong acknowledges that there is no private right of action under the PTRA").  Even if there was a private cause of action, Plaintiff's claim fails since he does not and cannot plausibly allege in good faith that he "purchase[d] or lease[d] goods or services primarily for personal, family or household purposes and thereby suffer[ed] any ascertainable loss of money or property, real or personal," as required to state a claim.  Again, an incurable and fatal defect.

Additionally, despite that Plaintiff seeks injunctive relief, he lacks standing to do so. Past conduct alone is insufficient to confer standing to seek injunctive relief. *See, e.g., City of Los Angeles v. Lyons*, 461 U.S. 95, 102–03, 103 S. Ct. 1660, 1665, 75 L. Ed. 2d 675 (1983); *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 109, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). The Complaint is devoid of allegations that there is a threat of future calls from THO. Plaintiff has not made and cannot make a showing of a threat of future harm or repeated injury based on calls that allegedly took place over eight months ago, as required to seek injunctive relief.

Finally, Plaintiff fails to plead any facts at all showing a "willful" or "knowing" violation of the TCPA.  If Plaintiff's claims survive this Motion (they should not), at the very least, his request for treble damages should be stricken.

## II.     RELEVANT FACTUAL BACKGROUND

Plaintiff's Complaint is devoid of facts in every respect. Compl., at ¶¶ 1-64. The vast majority of the 64 Paragraph, two count Complaint merely contains cherry-picked recitations of law, where Plaintiff parrots the statutory language of the TCPA and its concomitant regulations, and the PTRA. *Id.* Only roughly 20 allegations purport to be facts supporting Plaintiff's claims. However, even those facts are duplicative. *See, e.g.,* Compl., ¶¶ 24, 27, 33, 35, 37, 38, 39 (all stating that Plaintiff purportedly did not consent to the calls (which is not true in any event)[1]).

Despite that this case is about calls allegedly made by THO to Plaintiff, there is only a single allegation in the Complaint about the calls. It reads, in its entirety: "The Plaintiff answered one of these calls, on December 15, 2023 from the caller ID 267-465-5198. The caller identified themselves as calling from the 'National Health Enrol[l]ment Centre' and the purpose of the call was to sell the Plaintiff health insurance." Compl., ¶ 32. The Complaint is otherwise devoid of facts about the calls. Plaintiff merely recites the language from the statutes sued under in a conclusory manner and without factual support, far from what is required under Supreme Court precedent and Rule 8, Fed. R. Civ. P., to state viable claims. Compl., at ¶¶ 56-64.

## III.    MEMORANDUM OF LAW

### A.     Standard of Review

A party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Court is "required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn from [the allegations] after construing

---

[1] Plaintiff's Complaint should be dismissed with prejudice as his pleading deficiencies cannot be remedied. But even if this case could survive the pleadings stage, it would be doomed, since Plaintiff expressly invited any calls by voluntarily providing his phone number and personal information while consenting to be called.

them in the light most favorable to the non-movant." *Conard v. Pa. State Police*, 902 F.3d 178, 182 (3d Cir. 2018) (alteration in original). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "[A] formulaic recitation of the elements of a cause of action will not do." *Id*. The Court must be able to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim to survive a motion to dismiss. *Id.* at 677-78. It is insufficient for "a complaint [to] plead[] facts that are 'merely consistent with' a defendant's liability" because the stated ground for relief must be "plausible" and not just "possible." *Twombly*, 550 U.S. at 557. The Court need not accept "mere conclusory statements," or "legal conclusions couched as a factual allegation." *Id.* at 555.

> **B.    Plaintiff Fails to State a Claim Under the TCPA As a Matter of Law, As He Cannot Plausibly Allege a Telephone Solicitation, Let Alone Two Solicitations, in a Twelve-Month Period**

Plaintiff asserts that THO violated the "do not call" provisions of the TCPA by making calls to Plaintiff without his consent, despite that his number was on the National Do Not Call Registry. Compl. at ¶¶ 56-60. Plaintiff does not plead sufficient facts supporting such a claim, and relies mostly (if not entirely) on conclusions and speculation, which is plainly insufficient.

The statute states that "[a] person who has received ***more than one*** telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection" may assert a claim. 47 U.S.C. § 227(c)(5) (emphasis added). The concomitant regulation similarly provides that "no person or entity shall initiate any ***telephone solicitation*** to… a residential telephone subscriber who has registered his or her telephone number

4

on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." 47 C.F.R. § 64.1200(c)(2) (emphasis added).

As apparent from the face of the statute and regulation, in order to assert a claim, Plaintiff must allege that he received "more than one" "telephone solicitation" initiated by THO in a 12 month period. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2). He fails as a matter of law.

Plaintiff alleges that he received nine (9) phone calls from THO. Compl., ¶¶ 30-31. Plaintiff admits that he only "answered one of these calls." *Id.*, ¶ 32. Without providing any detail about the content of the call he answered, Plaintiff alleges in a conclusory manner that "the purpose of the call was to sell Plaintiff health insurance." *Id.* Importantly, Plaintiff makes no allegations whatsoever about the content of the other eight (8) phone calls he purports to have "received." *Id.* Nor could he, as he admits that he did not answer the other eight (8) calls. *Id.*

Plaintiff's admissions are fatal to his TCPA claim. *Gillam v. Reliance First Cap., LLC*, No. 21-cv-4774-JMA-JMW, 2023 WL 2163775, at *3-4 (E.D.N.Y. Feb. 22, 2023) is dispositive and directly on point, with identical facts to those at issue here. There, the plaintiff asserted a violation of the same section of the TCPA sued under here – 47 U.S.C. § 227(c) – and alleged that the defendant made multiple phone calls to him despite him being on the "do not call" list. *Id.*, at *1. Like Plaintiff here, the plaintiff in *Gillam* admitted that despite "receiving multiple calls, he ***only alleges answering one call*** and having one conversation with [the defendant]." *Gillam*, 2023 WL 2163775, at *3. The *Gillam* Court dismissed the complaint *with prejudice* and held that plaintiff failed to state a claim as a matter of law, because he was unable to plausibly allege that "more than one" call was a "telephone solicitation," since he only answered one call. *Id.*

> Even if the Court were to assume *arguendo* that Plaintiff had sufficiently pled receipt of a telephone solicitation on August 4, 2021, ***his failure to plausibly plead receipt of at least one additional telephone solicitation from an RFC agent within the requisite 12-***

5

> ***month period is fatal to his Section 227(c)(5) cause of action***. *See* 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(f)(15). Plaintiff's contention that the Court should consider the other calls received by Gillam as "telephone solicitations" because they were allegedly "close in time to and from the same telephone numbers" as the August 4, 2021 telephone solicitation, is unavailing. *See* ECF No. 21 (Pl. Opp.) at 2; *Nicholas Greene v. Select Funding, LLC*, No. 2:20-cv-7333, 2021 WL 4926495, at *5 (C.D. Cal. Feb. 5, 2021) (dismissing plaintiff's complaint because he "only alleged one telephone solicitation" because "more than one telephone solicitation is needed to trigger a violation" and the plaintiff failed to allege "the content of the other calls that would allow the Court to reasonably infer that these other calls were solicitations.") . . . . ***As such, Plaintiff has not plausibly alleged that these prior calls were "telephone solicitation[s]"*** under Section 227(c)(5). *See Greene*, 2021 WL 4926495, at *5. As Plaintiff has failed to plausibly allege this element of his claim, the Court grants Defendant's motion to dismiss.

*Gillam*, 2023 WL 2163775, at *3-4 (citations and emphasis partially added, partially in original).

*Gillam* is on all fours. Plaintiff's Complaint only contains a single conclusory allegation about *one* of the phone calls allegedly at issue.[2] Compl. at ¶ 32. Plaintiff has alleged, at most, only one possible "telephone solicitation" within a 12-month period. This is insufficient to allege a DNC violation. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

As such, Plaintiff has not plausibly alleged that "more than one" "telephone solicitation" under Section 227(c)(5) and 47 C.F.R. § 64.1200(c) occurred, and his TCPA claim in Count I should be dismissed with prejudice. *See Sterling v. Securus Techs., Inc.*, 2019 WL 3387043, at *6 (D. Conn. July 26, 2019) (dismissing TCPA claim where plaintiff failed to allege defendant called

---

[2] Plaintiff's allegation about the one phone call he did answer is also insufficient to plead a solicitation in the first place. *Gillam*, 2023 WL 2163775, at *3 (holding that it is insufficient for a TCPA plaintiff to "merely conclude[], without factual support," that a solicitation took place) (citing cases); *Gulden v. Consol. World Travel Inc.*, 2017 WL 3841491, at *3 (D. Ariz. Feb. 15, 2017) (dismissing TCPA claim where plaintiff "d[id] not describe the calls, but simply aver[red] that the calls were made 'for the purpose of soliciting for [Defendant's] products or services[,]'" which the court held was "nothing more than a conclusion, which *Twombly* specifically prohibits.").

more than once during a 12-month period); *see also Greene v. Select Funding, LLC*, 2021 WL 4926495, at *5 (C.D. Cal. Feb. 5, 2021) (same); *Murphy v. DCI Biologicals Orlando, LLC*, 2013 WL 6865772, at *9 (M.D. Fla. Dec. 31, 2013) (holding that plaintiff "failed to allege that he received 'more than one telephone call within any 12-month period by or on behalf of the same entity that violated the regulations'" (cleaned up)).

Plaintiff should not be permitted to amend. Plaintiff has admitted to answering only one call and is bound by that admission. He cannot plead facts concerning any other call and thus cannot plead facts showing "more than one" "telephone solicitations." Since, as he admits, he did not engage the caller more than once, any purported facts supporting the content of those calls would be speculation and conjecture. *See Snyder v. Perry*, 2015 WL 1262591, at *12 (E.D.N.Y. Mar. 18, 2015) ("[W]here the plaintiff is unable to demonstrate that [s]he would be able to amend [her] complaint in a manner which would survive dismissal, opportunity to replead is rightfully denied.") (citing *Hayden v. Cnty. of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999)).

Plaintiff's inability to allege two telephone solicitations is fatal to his TCPA claim. Since amendment would be futile, the Complaint should be dismissed with prejudice. *See Travelers Indem. Co. v. Dammann & Co., Inc.*, 594 F.3d 238, 243 (3d Cir. 2010) (noting " '[f]utility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted[]"); *see also Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003) ("[A] plaintiff can plead himself out of court by alleging facts which show that he has no claim, even though he was not required to allege those facts[.]") (internal quotation marks omitted)); *Landow v. Wachovia Sec., LLC*, 966 F. Supp. 2d 106, 131 (E.D.N.Y. 2013) (dismissing with prejudice where plaintiff could not state a claim for relief that was plausible on its face and therefore amendment would be futile); *Cohen v. Cap. One Funding,*

*LLC*, 489 F. Supp. 3d 33, 55 (E.D.N.Y. 2020), appeal withdrawn, 2020 WL 8299594 (2d Cir. Dec. 2, 2020) (dismissing with prejudice where pleading amendment would be futile); *Fallon v. Mercy Catholic Medical Center of Southeastern Pennsylvania*, 200 F. Supp. 3d 553, 564 (E.D. Pa. Aug. 9, 2016) (denying leave to amend where amendment would be futile).

### C. Plaintiff Fails to State a Claim Under the PTRA As a Matter of Law

#### 1. There Is No Private Cause of Action Under the PTRA

There is no private cause of action under the PTRA. *See Shelton v. FCS Cap. LLC*, 2019 WL 6726404 (E.D. Pa. Dec. 11, 2019) (dismissing PTRA claim and stating that the "PTRA's language demonstrates the General Assembly's intent to commit enforcement of the PTRA to the Attorney General. Shelton therefore cannot maintain such a claim as a matter of law."); *Lerro ex rel. Lerro v. Upper Darby Twp.*, 798 A.2d 817, 822 (Pa. Commw. Ct. 2002)) ("The [Pennsylvania Telemarketer Registration Act] vests enforcement authority with Pennsylvania's Attorney General, not individual consumers… [W]here the General Assembly commits the enforcement of a regulatory statute to a government body or official, this precludes enforcement by private individuals."); *Cty. of Butler v. CenturyLink Commc'ns, LLC*, 207 A.3d 838, 852 (Pa. 2019) (no private right of action to enforce a statute where the legislature "provided sufficient indicia evincing its intention to centralize enforcement authority in the relevant state agency").

Tellingly and importantly, counsel for Plaintiff, Mr. Perrong, has acknowledged in *this Court* while acting as a *pro se* TCPA plaintiff and attempting to bring his own PTRA claim, that there is no private cause of action under the PTRA. *See Perrong v. CMI Mktg. Rsch. Inc.*, No. 22-cv-3733, 2023 WL 6277299, at *3 (E.D. Pa. Sept. 26, 2023) (stating that "Mr. Perrong acknowledges that there is no private right of action under the PTRA"); *see also Perrong v. MLA Int'l, Inc.*, No. 6:20-CV-1606-RBD-EJK, 2022 WL 1238603, at *5 (M.D. Fla. Mar. 2, 2022),

*report and recommendation adopted in part, rejected in part*, No. 6:20-CV-1606-RBD-EJK, 2022 WL 1238609 (M.D. Fla. Mar. 18, 2022) (holding that Mr. Perrong, acting as a *pro se* plaintiff, could not maintain a PTRA claim as a matter of law because no private cause of action existed, and denying his motion for a default judgment on that claim).

Because there is no private cause of action available under the PTRA, Count II should be dismissed with prejudice.

### 2. Plaintiff Fails to Plead the Elements of a Claim Under the PTRA

Even assuming *arguendo* that there was a private cause of action available to Plaintiff (there is not), Plaintiff's PTRA claim fails because he has not – and cannot – plead the elements of such a claim. Again, this argument finds support from a case in which Plaintiff's counsel, Mr. Perrong, proceeded *pro se* in *this Court*. In *Perrong v. CMI Mktg. Rsch. Inc.*, *supra*, plaintiff sought to avoid his inability to bring a private cause of action under the PTRA by tying the PTRA claim to an underlying violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("**UTPCPL**") – same as he does here. This Court rejected that argument:

> Mr. Perrong acknowledges that there is no private right of action under the PTRA, but argues that the amended complaint states a claim using the UTPCPL's private right of action. 73 Pa. Cons. Stat. § 201-9.2(a) (providing "a private action to recover actual damages" for violations declared unlawful by section 3 of the act). Mr. Perrong does not cite any authority explaining how or why the PTRA could serve as a predicate claim under the UTPCPL, but it does not matter. There appears to be no dispute that ***the UTPCPL's private action applies only to a "person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property, real or personal"*** as a result of covered unlawful practices. *Id.* The amended complaint does not plead any facts bearing on that requirement of the UTPCPL, and therefore that claim must be dismissed.

*See CMI Mktg. Rsch. Inc.*, 2023 WL 6277299, at *3 (emphasis added).

9

Like in *CMI Mktg.*, Plaintiff here cannot perform an end around of the PTRA and UTPCPL by trying to dress his PTRA claim up as an unpled claim under the UTPCPL. Plaintiff does not plead a standalone claim here for a violation of the UTPCPL, nor could he, since like in *CMI Mktg.*, Plaintiff does not, and cannot under any circumstances, allege that he actually "purchase[d] or lease[d] goods or services primarily for personal, family or household purposes and thereby suffer[ed] any ascertainable loss of money or property, real or personal." 73 P.S. § 201-9.2(a). In fact, Plaintiff's allegations support the opposite conclusion. *See* Compl., ¶ 25 (stating that Plaintiff "never did business with the Defendant").

The claim is equally deficient because Plaintiff's allegations of "harm" do not support that he suffered an "ascertainable loss of money or property" as required by 73 P.S. § 201-9.2(a). Certainly, no such loss is pled in the Complaint. Indeed, the harms that Plaintiff is alleged to have suffered are all intangible, non-specific and non-concrete, the opposite of ascertainable. *See* Compl., ¶ 40 (describing "harm" because Plaintiff was "annoyed and harassed" and the alleged calls "occupied their telephone lines, storage space, and bandwidth"). Plaintiff does not identify <u>any</u> actual loss of "money or property." *Id*. Thus, the PTRA claim fails and should be dismissed.

### D.  Plaintiff Lacks Standing to Seek Injunctive Relief

Plaintiff's Complaint seeks injunctive relief. *See* Compl., ¶¶ 49, 55, 60, Prayer for Relief ¶ D. To the extent his claims substantively survive this Motion (they should not), the request for injunctive relief should be stricken or dismissed.

The Complaint merely refers to past conduct from December 2023 – more than eight (8) months ago. The Complaint is tellingly devoid of tangible allegations that there is a threat of future calls. Plaintiff has not made and cannot make a showing of a threat of future harm or repeated injury. Under long-standing Supreme Court precedent, Plaintiff lacks standing to seek injunctive

relief. *See, e.g., City of Los Angeles v. Lyons*, 461 U.S. 95, 102–03, 103 S. Ct. 1660, 1665, 75 L. Ed. 2d 675 (1983) (commenting on standing in the context of injunctive relief, and noting that the analysis turns on "whether there is a real and immediate threat of repeated injury," and stating that the court "could not find a case or controversy" where "the threat to the plaintiffs was not sufficiently real and immediate to show an existing controversy" because the future threat of injury was speculative and uncertain) (cleaned up and citations omitted); *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 109, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) (" 'Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief ... if unaccompanied by any continuing, present adverse effects.' " (omission in original) (quoting *O'Shea v. Littleton,* 414 U.S. 488, 495–96, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974))); *see also McNair v. Synapse Grp. Inc.,* 672 F.3d 213, 225 (3d Cir. 2012) (holding that past injuries "may suffice to confer individual standing for monetary relief" but "a plaintiff seeking injunctive relief must demonstrate a likelihood of future harm"); *Free Speech Coal., Inc. v. Att'y Gen. United States*, 825 F.3d 149, 166 (3d Cir. 2016) (same).

In fact, the Honorable Judge Mark Kearney has recently dismissed or denied requests for injunctive relief under similar circumstances. *See Curdo v. Cnty. of Chester*, No. CV 24-132, 2024 WL 710881, at *4 (E.D. Pa. Feb. 21, 2024) (Kearney, J.) (denying request for injunctive relief and stating "past injury is not a basis for injunctive relief… [w]here a plaintiff seeks forward-looking prospective relief in the form of an injunction or declaratory judgment, he must show he is likely to suffer *future* injury which must also be imminent, meaning that it is certainly impending rather than just merely possible") (internal citations omitted; emphasis in original); *In re BPS Direct, LLC*, No. 22-CV-4709, 2023 WL 8458245, at *20-21 (E.D. Pa. Dec. 5, 2023) (Kearney, J.) (dismissing claims for injunctive relief in MDL where plaintiffs were not likely to suffer future

11

injury, and stating that "[s]tanding is not dispensed in gross; it must be shown for each claim ... and for each form of relief [sought] (for example, injunctive relief and damages)… In order to have standing to seek injunctive relief, Website Users must establish they are likely to suffer future injury from Bass and Cabela's conduct… [A] plaintiff must demonstrate continuing, present adverse effects and may not rely solely on [p]ast exposure to illegal conduct… Instead, they must show a real and immediate threat of repeated future injury in order to satisfy the injury in fact requirement of Article III") (internal citations omitted; alterations in original).

District Courts also routinely dismiss injunctive relief requests in TCPA cases when confronted with similar circumstances. *See, e.g., Schaevitz v. Braman Hyundai, Inc.*, 437 F. Supp. 3d 1237, 1251-52 (S.D. Fla. 2019) (dismissing request for injunctive relief in TCPA case for lack of standing where there was nothing suggesting the possibility of future injuries); *Zononi v CHW Group, Inc.*, 22-CV-14358, 2023 WL 2667941, at *5 (S.D. Fla Mar. 7, 2023) (holding that plaintiff lacked standing to seek injunctive relief in TCPA case where there were "no allegations to suggest a threat of future injury, other than the mere fact of past injuries. Without more, past injuries alone do not suffice."); *Lyman v. Excel Impact, LLC*, Case No. 1:23-cv-23767-BB, ECF No. 38, at p. 8-9 (S.D. Fla, Feb. 28, 2024) (holding that "Plaintiff's mere[] alleg[ation] that the harm will likely continue" is insufficient to confer standing); *Smith v. Miorelli*, No. 22-10663, 2024 WL 770360, at *4 (11th Cir. Feb. 26, 2024) (holding that plaintiffs lacked Article III standing to pursue injunctive relief where "none of named plaintiffs alleged any threat of future injury, let alone a threat that was real and immediate"); *Hinesley v. Ensurem II, LLC*, No. 23-cv-5286-TKW-HTC, ECF No. 51, at pp. 7-11 (N.D. Fla. May 21, 2024) (dismissing request for injunctive relief in TCPA complaint where Plaintiff did not "adequately allege standing to seek that relief" where the complaint only alleged past injuries – namely, allegedly receiving 10 phone calls in the distant

past, and did not allege that the plaintiff continued to receive the calls or that there was a threat they would continue).

Like the cited cases, there is no threat of future harm here. Plaintiff lacks standing to seek injunctive relief.

      **E.     If Plaintiff's Claims Survive, Then His Claim For Treble Damages Should be Stricken**

Like all other allegations in the Complaint, Plaintiff concludes without support that "Defendant's violations were negligent, willful or knowing." *See* Compl., ¶¶ 58, 63. That's it. There is no factual support whatsoever.

When a complaint is bereft of such factual allegations, the treble damages claim in a TCPA case is properly dismissed or stricken. *See, e.g., Blair v. Assurance IQ LLC*, No. C23-0016-KKE, 2023 WL 6622415, at *4 (W.D. Wash. Oct. 11, 2023) (dismissing request in plaintiff's complaint for treble damages as the complaint made "no allegation that [defendant's] alleged conduct was willful and knowing," and certainly provided no proof of allegations supporting the same); *Sterling v. Securus Techs., Inc.*, 2020 WL 2198095, at *6 (D. Conn. May 6, 2020) (dismissing where allegations that TCPA violations were willful or knowing were mere legal conclusions unsupported by specific factual allegations); *Lucas v. Monitronics Int'l, Inc.*, 2020 WL 6440255, at *2, n.3 (S.D. Ohio Nov. 3, 2020) (declining to award treble damages for motion for default judgment, holding that "plaintiff's conclusory allegation that [defendant's] actions were 'willful' is nothing more than a legal conclusion couched as a factual allegation") (citing *Twombly*); *Gorss Motels, Inc. v. AT&T Mobility, LLC*, 490 F. Supp. 3d 476, 491 (D. Conn. 2020) (a willful or knowing violation requires showing that the defendant knew its conduct violated the TCPA); *Hunsinger v. Dynata LLC*, No. 3:22-CV-00136-G-BT, 2023 WL 2377481, at *7 (N.D. Tex. Feb. 7, 2023), *report and recommendation adopted*, No. 3:22-CV-0136-G-BT, 2023 WL 2386710

13

(N.D. Tex. Mar. 4, 2023) (dismissing claim for treble damages under TCPA for being insufficiently pled).

Again, Mr. Perrong is no stranger to this rule. *See, e.g., Perrong v. MLA Int'l, Inc.*, 2022 WL 1238603, at *5 (rejecting motion for default judgment and recommending that the Court "decline to award treble damages" because the complaint contained "no factual allegations to establish that Defendants willfully or knowingly violated the TCPA, other than conclusory statements that the violations were 'knowing and/or willful.'"); *Lary v. Trinity Physician Fin.*, 780 F.3d 1101, 1107 (11th Cir. 2015) ("[T]he bare assertion in [plaintiff's] complaint that the defendants willfully or knowingly violated the Act was a legal conclusion, not an allegation of fact that we must accept as true."); *McCullough v. Maximum Title Loans LLC*, No. CV-19-00717-PHX-JJT, 2019 U.S. Dist. LEXIS 141323, at *9 (D. Ariz. Aug. 20, 2019) (dismissing and striking request for treble damages for willful and knowing violation of the TCPA for insufficient pleading, and finding that the facts supporting an inference that the calls at issue knowingly or willfully violated the TCPA must be pleaded specifically, and threadbare allegations are insufficient); *Fania v. Verified Docu Serv., Inc.*, No. 8:22-cv-2652-MSS-CPT, 2024 U.S. Dist. LEXIS 40908, at *12 (M.D. Fla. Mar. 8, 2024) (denying plaintiff's motion for final default judgment because the allegations of the complaint failed to demonstrate that trebling of damages was warranted).

If his claims survive in any fashion, Plaintiff's request for treble damages should be stricken.

### IV.    <u>CONCLUSION</u>

For the foregoing reasons, THO respectfully requests that the Court enter an Order dismissing Plaintiff's Complaint with prejudice, awarding THO its attorneys' fees and costs to the

fullest extent permissible by law, and granting THO such further and additional relief as the Court deems just and proper.

Dated: August 22, 2024

Respectfully submitted,

/s/ *Jeffrey B. Pertnoy*
Jeffrey B. Pertnoy, Esq. (Admitted *Pro Hac Vice*)
**AKERMAN LLP**
Three Brickell City Centre
98 Southeast Seventh Street
Suite 1100
Miami, Florida 33131
Direct Office: 305.982.5524
jeffrey.pertnoy@akerman.com

- and -

**KAUFMAN DOLOWICH LLP**
Richard J. Perr, Esq.
Monica M. Littman, Esq.
Matthew E. Selmasska, Esq.
One Liberty Place
1650 Market Street, Suite 4800
Philadelphia, PA 19103
T: 215.501.7002 F: 215.405.2973
rperr@kaufmandolowich.com
mlittman@kaufmandolowich.com
matthew.selmasska@kaufmandolowich.com

*Attorneys for Defendant*