**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LEON WEINGRAD** | **:** | **CIVIL ACTION** |
| | **:** | |
| **v.** | **:** | **NO. 23-5114** |
| | **:** | |
| **TOP HEALTHCARE OPTIONS** | **:** | |
| **INSURANCE AGENCY CO.** | **:** | |

## <u>MEMORANDUM</u>

**KEARNEY, J.**                                                                                      **September 17, 2024**

Our elected national and Pennsylvania representatives recognize the potential abuse from telemarketers calling persons to sell identified products. Congress allows offended call recipients who placed their phone numbers on the National Do Not Call Registry to sue telemarketers for more than one call seeking to sell a specific product or service. The Pennsylvania General Assembly requires telemarketers calling Pennsylvania phone numbers to register or face review by the Pennsylvania Attorney General. We today address a claim by a Pennsylvanian who placed his number on the Do Not Call Registry and then answered one call from an alleged Florida telemarketer on December 15, 2023. The Pennsylvanian claims the Florida telemarketer violated federal and state law. But the Pennsylvanian alleges he answered one call last December from the telemarketer seeking to sell "health insurance" with no further facts. We dismiss the federal claim with leave to amend as one answered call does not make a federal case and the call recipient needs to plead more facts about the call contents and to show willful conduct. We dismiss the Pennsylvania claim with prejudice as the General Assembly allows only the Attorney General to prosecute a claim for engaging in telemarketing calls in Pennsylvania without being registered here.

## I.    Alleged Facts

Leon Weingrad placed his residential telephone number on the National Do Not Call

Registry sometime before December 2022.[1] A Florida health insurance marketer Top Healthcare

Options Insurance Agency Co. still called him nine times on December 13, 2023 and December

15, 2023 from different phone numbers: [2]

| Date | Caller ID |
|------|-----------|
| 12/13/2023 | (267)282-3676 |
| 12/13/2023 | (267)413-8938 |
| 12/13/2023 | (267)313-6263 |
| 12/15/2023 | (267)429-8460 |
| 12/15/2023 | (267)465-5225 |
| 12/15/2023 | (267)465-5220 |
| 12/15/2023 | (267)313-6305 |
| 12/15/2023 | (267)200-9620 |
| 12/15/2023 | (267)465-5198 |

Mr. Weingrad answered one call from Top Healthcare Options, caller ID (267)465-5198, on

December 15, 2023.[3] The caller claimed to work for "National Health Enrolment Centre" and "the

purpose of the call was to sell [Mr. Weingrad] health insurance."[4] Mr. Weingrad considered the

call unwanted.[5]

## II.   Analysis

And he then decided to sue. He alleges Top Healthcare Options violated the Telephone

Consumer Protection Act by making calls to his phone number on the national Do Not Call

Registry.[6] Mr. Weingrad sues on behalf of a nationwide class of persons who had registered their

telephone numbers on the Do Not Call Registry for at least thirty-one days, but who received more

than one telemarketing call from or on behalf of Top Healthcare Options, within a twelve-month

period in the previous four years.[7]

Mr. Weingrad also alleges Top Healthcare Options violated the Pennsylvania Telemarketer

Registration Act by making telemarketing calls without registering with the Office of Attorney

General at least thirty days prior to making the calls.[8] Mr. Weingrad sues on behalf of all Pennsylvanians who received a telephone call from or on behalf of Top Healthcare Options acting as a "telemarketer" but not licensed as a "telemarketer" with the Pennsylvania Office of Attorney General. Mr. Weingrad limits this class by a two-year cutoff.[9]

Top Healthcare Options now moves to dismiss.[10] Top Healthcare Options argues (1) the Telephone Consumer Protection Act claim is deficient because Mr. Weingrad admits he is speculating about the content of all of the calls except for one, (2) there is no private cause of action under the Pennsylvania Telemarketer Registration Act, (3) the Pennsylvania Telemarketer Registration Act claim is deficient because Mr. Weingrad does not allege he "purchased or leased goods" as required by the Act and he has no allegations of harm, (4) Mr. Weingrad lacks standing to seek injunctive relief, and (5) Mr. Weingrad does not plead facts showing a "willful" or "knowing" violation of the Telephone Consumer Protection Act.[11]

We dismiss Mr. Weingrad's Telephone Consumer Protection Act claim without prejudice because he does not plead he received multiple telephone solicitations and does not plead the contents of the calls he received. We dismiss Mr. Weingrad's claim for treble damages without prejudice as he does not plead a knowing or willful violation of the law. We dismiss Mr. Weingrad's Pennsylvania Telemarketer Registration Act claim with prejudice because there is no private right of action under the Act. And we dismiss Mr. Weingrad's claim for injunctive relief without prejudice as Mr. Weingrad does not plead threat of future harm.

### A.  Mr. Weingrad does not state a claim under the Telephone Consumer Protection Act.

We dismiss the Telephone Consumer Protection Act claim without prejudice. Mr. Weingrad did not plead multiple telephone solicitations and did not adequately allege the content of the calls.

**1. Mr. Weingrad does not allege he received "more than one" telephone call.**

Top Healthcare Options argues Mr. Weingrad does not allege he received more than one telephone solicitation from Top Healthcare Options in a twelve-month period, as he makes no allegations about the other eight phone calls he received.[12] Mr. Weingrad pleads he received nine calls from Top Healthcare Options's phone numbers and we must infer those calls were telephone solicitations at this stage.[13]

Congress enacted the Telephone Consumer Protection Act of 1991 in response to consumer complaints about telemarketing calls.[14] Congress through the Act prohibits and restricts violating a consumer's request to not receive calls.[15] Consumers who do not want to receive unsolicited telemarketing calls can register their numbers on the national Do Not Call Registry.[16] Companies engaged in telemarketing must have procedures in place to avoid calling numbers on the Do Not Call Registry.[17] Once a number is registered, businesses have thirty-one days to update their records.[18]

Congress through the Telephone Consumer Protection Act provides "[a] person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection" may assert a claim.[19] Congress provides "no person or entity shall initiate any telephone solicitation to . . . a residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government."[20] Mr. Weingrad must plead (1) he received more than one telephone solicitation call within twelve months, (2) by or on behalf of the same entity, (3) on a residential phone registered on the Do Not Call Registry.[21]

Top Healthcare Options claims he does not and cannot plead these facts. It relies on Judge Azrack's analysis in *Gillam v. Reliance First Cap., LLC*.[22] In *Gillam*, the call recipient alleged he had registered his cell phone number on the nationwide Do Not Call Registry in February 2017.[23] The call recipient alleged the home loan and refinancing plan marketing company called him seventeen times from the same number between January 2021 and August 2021.[24] The call recipient alleged he answered one call in August 2021 and the caller marketed refinancing products to the call recipient.[25] The home loan company moved to dismiss arguing the call recipient failed to sufficiently allege he received more than one telephone solicitation in the twelve-month period.[26] Judge Azrack agreed and found the call recipient did not "plausibly plead receipt of at least one additional telephone solicitation from [defendant] within the requisite 12-month period [wa]s fatal to his Section 227(c)(5) cause of action."[27] Judge Azrack rejected the call recipient's argument she should consider the other calls as "telephone solicitations" because they came from the same telephone number and close in time to the August 2021 call.[28] Judge Azrack dismissed the complaint with prejudice, reasoning the call recipient failed to plausibly state a claim because blocked, missed, or declined calls are not "telephone solicitations" under the Act.[29]

Top Healthcare Options placed nine calls to Mr. Weingrad.[30] But Mr. Weingrad only answered one of these calls.[31] Mr. Weingrad does not allege more than one telephone solicitation within a twelve-month period. He does not presently allege Top Healthcare Options violated the Telephone Consumer Protection Act.

### 2.  Mr. Weingrad does not allege the contents of the one call.

Top Healthcare Options argues Mr. Weingrad pleads insufficient information about the single call he answered.[32] Mr. Weingrad argues we can infer the purpose of the call from the name

5

Top Healthcare Options used, the "National Health Enrolment Centre," and the timing of the call falling in "ObamaCare's Open Enrolment period."[33]

A telephone solicitation violates the Telephone Consumer Protection Act if the purpose of the call encourages "the purchase or rental of, or investment in, property, goods, or services."[34] Call recipients must do more than allege the calls in question were telephone solicitations. Returning again to Judge Azrack's *Gillam* analysis, the call recipient "failed to allege sufficient facts regarding the content of the calls from which the Court could infer . . . the purpose of the calls" because plaintiff only stated defendant solicited refinancing products.[35] Judge Azrack noted other courts considering similarly deficient pleadings dismiss with leave to amend.[36] Judge Humetewa reached a similar conclusion in *Gulden v. Consolidated World Travel Inc.*[37] The call recipient in *Gulden* alleged the telemarketer placed calls for the purpose of soliciting products and services but did not provide "factual support that would allow the court to draw a reasonable inference that this is true."[38] Judge Humetewa found the pleading to be "nothing more than a conclusion, which *Twombly* specifically prohibits."[39]

We reviewed Judge Vazquez's early 2023 decision in *Atkinson v. Choice Home Warranty* finding the call recipient sufficiently pleaded the call's contents by alleging "Defendant began calling Ms. Atkinson on her cellular telephone to sell Plaintiff a home warranty plan," the calls were made "for telemarketing purposes," and "Defendant placed calls to Ms. Atkinson on numerous occasions attempting to solicit Plaintiff a home warranty plan that Plaintiff had no interest in."[40] But Judge Vazquez reviewed allegations of further conversations which specifically identified the caller and provided Ms. Atkinson with a website to purchase Choice Home Warranty's products.[41] And our colleagues allow allegations with fulsome information about solicitation calls to proceed into discovery.[42]

Mr. Weingrad only pleads "the purpose of the call was to sell the Plaintiff health insurance."[43] He does not plead a statutory violation without "further factual enhancement."[44] He presently falls short of the required level.

### 3. Mr. Weingrad does not allege a "willful" or "knowing" violation.

Top Healthcare Options argues Mr. Weingrad does not allege facts allowing us to plausibly infer Top Healthcare Options willfully violated the Telephone Consumer Protection Act.[45] Mr. Weingrad argues Top Healthcare Options made calls under an illegal fake name, "National Health Enrolment Centre," and used multiple phone numbers to contact Mr. Weingrad because the company knew its actions were illegal.[46]

We may triple the statutory damages if the fact-finder determines Top Healthcare Options "willfully or knowingly violated" the Telephone Consumer Protection Act.[47] Top Healthcare Options must know it performed violative conduct because "[i]f we interpreted the statute to require only that the violator knew he was making a 'call' or sending a fax, the statute would have almost no room for violations that are not 'willful or knowing.'"[48] Mr. Weingrad alleges only "Defendant's violations were negligent, willful or knowing" and Top Healthcare Options called under a false name.[49] This is insufficiently pleaded and Mr. Weingrad, without more, cannot seek trebled damages.[50]

We dismiss Mr. Weingrad's Telephone Consumer Protection Act claim without prejudice. He does not plead he received multiple telephone solicitations and does not plead the contents of the calls he received. We dismiss Mr. Weingrad's claim for treble damages without prejudice as he does not plead a knowing or willful violation of the law.

**B. Mr. Weingrad does not and cannot state a claim under the Pennsylvania Telemarketer Registration Act.**

Mr. Weingrad sues Top Healthcare Options for engaging in telemarketing in Pennsylvania without registering in the Commonwealth. Top Healthcare Options moves to dismiss this claim arguing there is no private right of action under the Pennsylvania Telemarketer Registration Act.[51] Mr. Weingrad admits the Pennsylvania mandate. But he then suggests the alleged Pennsylvania Telemarketer Registration Act violation can constitute a predicate claim under the Pennsylvania Unfair Trade Practices and Consumer Protection Law.[52]

The Pennsylvania General Assembly vested the authority to enforce the Pennsylvania Telemarketer Registration Act with Pennsylvania's Attorney General.[53] "[W]here the General Assembly commits the enforcement of a regulatory statute to a government body or official, this precludes enforcement by private individuals."[54] There is no private cause of action under the Pennsylvania Telephone Registration Act.[55]

Mr. Weingrad cannot sidestep the General Assembly's policy by presenting his Pennsylvania Telemarketer Registration Act claim as a predicate claim under Pennsylvania's Unfair Trade Practices and Consumer Protection Law because "the UTPCPL's private action applies only to a 'person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property, real or personal' as a result of covered unlawful practices."[56] Mr. Weingrad did not do so.[57]

We dismiss Mr. Weingrad's Pennsylvania Telemarketer Registration Act claim with prejudice because there is no private right of action under the Act.

**C. Mr. Weingrad cannot seek injunctive relief.[58]**

Mr. Weingrad seeks injunctive relief even though there is no basis to find a call after December 2023 or risk of a call.[59] Top Healthcare Options argues Mr. Weingrad is not entitled to

injunctive relief because he has not pleaded threat of future harm.[60] Mr. Weingrad argues he must only plead a statutory violation to establish standing to seek injunctive relief.[61]

Standing must be shown "for each claim . . . and for each form of relief [sought] (for example, injunctive relief and damages)."[62] Mr. Weingrad must plead facts from which we can plausibly find he is "likely to suffer future injury" from Top Healthcare Option's conduct to have standing to seek injunctive relief.[63] He must plead "continuing, present adverse effects" and may not rely solely on "[p]ast exposure to illegal conduct."[64] And "[i]njunctive relief cannot automatically be granted upon a finding of statutory violation."[65]

Mr. Weingrad does not plead threat of future harm.[66] We dismiss Mr. Weingrad's claim for injunctive relief without prejudice.

## III.   Conclusion

We grant Top Healthcare Options's motion. We dismiss the Telephone Consumer Protection Act claim, as well as a claim for injunctive relief, without prejudice to timely amend. Mr. Weingrad may be able to plead facts under federal law but cannot allege a separate claim for injunctive relief. Equitable relief is part of a remedy for a violation. We dismiss the Pennsylvania Telemarketer Registration Act claim with prejudice as there is no private right of action under the Act.

---

[1] ECF 12 ¶ 20.

[2] *Id.* ¶ 30. Top Healthcare Options is a Florida health insurance marketing corporation. *Id.* ¶¶ 6, 29. Top Healthcare Options is not registered as a telemarketer with the Attorney General of Pennsylvania. *Id.* ¶ 18.

[3] *Id.* ¶ 32.

[4] *Id.*

---

[5] *Id.* ¶ 33.

[6] *Id.* ¶¶ 56–60.

[7] *Id.*¶ 41.

[8] *Id.* ¶¶ 61–64.

[9] *Id.* ¶ 41.

[10] A complaint must state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The purpose of Rule 12(b)(6) is to test the sufficiency of the factual allegations in a complaint. *Sanders v. United States*, 790 F. App'x 424, 426 (3d Cir. 2019). If a plaintiff is unable to plead "enough facts to state a claim to relief that is plausible on its face," the court should dismiss the complaint. *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Kajla v. U.S. Bank Nat'l Ass'n as Tr. for Credit Suisse First Boston MBS ARMT 2005-8*, 806 F. App'x 101, 104 n.5 (3d Cir. 2020) (quoting *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Klotz v. Celentano Stadtmauer and Walentowicz LLP*, 991 F.3d 458, 462 (3d Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). While "[t]he plausibility standard is not akin to a 'probability requirement,'" it does require the pleading show "more than a sheer possibility … a defendant has acted unlawfully." *Riboldi v. Warren Cnty. Dep't of Human Servs. Div. of Temp. Assistance & Soc. Servs.*, 781 F. App'x 44, 46 (3d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678). "A pleading that merely 'tenders naked assertion[s] devoid of further factual enhancement' is insufficient." *Id.* (quoting *Iqbal*, 556 U.S. at 668).

In determining whether to grant a Rule 12(b)(6) motion, "we accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the plaintiff" but "disregard threadbare recitals of the elements of a cause of action, legal conclusions, and conclusory statements." *Robert W. Mauthe, M.D., P.C. v. Spreemo, Inc.*, 806 F. App'x 151, 152 (3d Cir. 2020) (quoting *City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp.*, 908 F.3d 872, 878–79 (3d Cir. 2018)). Our Court of Appeals requires us to apply a three-step analysis to a 12(b)(6) motion: (1) we "'tak[e] note of the elements a plaintiff must plead to state a claim'"; (2) we "identify allegations that … 'are not entitled to the assumption of truth' because those allegations 'are no more than conclusion[s]'"; and, (3) "'[w]hen there are well-pleaded factual allegations,' we 'assume their veracity' … in addition to assuming the veracity of 'all reasonable inferences that can be drawn from' those allegations … and, construing the allegations and reasonable inferences 'in the light most favorable to the [plaintiff]'…, we determine whether they 'plausibly give rise to an entitlement to relief.'" *Oakwood Lab'ys LLC v. Thanoo*, 999 F.3d 892, 904 (3d Cir. 2021) (internal citations omitted); *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016).

[11] ECF 24-1.

[12] *Id.* at 4–8.

---

[13] ECF 30 at 4–11.

[14] Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227).

[15] *Id.* at § 227(c)(3).

[16] 47 C.F.R. § 64.1200(c)(2).

[17] *Id.* at § 64.1200(c)(2), (e), (f).

[18] *Id.* at § 64.1200(c)(2)(i)(D).

[19] 47 U.S.C. § 227(c)(5).

[20] 47 C.F.R. § 64.1200(c)(2).

[21] *Camunas v. Nat'l Republican Senatorial Comm.*, 541 F. Supp. 3d 595, 604 (E.D. Pa. 2021) (quoting *Smith v. Vision Solar LLC*, No. 20-2185, 2020 WL 5632653, at *3 (E.D. Pa. Sept. 21, 2020)).

[22] No. 21-4774, 2023 WL 2163775 (E.D.N.Y. Feb. 22, 2023).

[23] *Id.* at *1.

[24] *Id.*

[25] *Id.*

[26] *Id.* at *2–3.

[27] *Id.* at *3 (citing 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(f)(15)).

[28] *Id.*

[29] *Id.* at *3–4; *see also Greene v. Select Funding, LLC*, No. 20-7333, 2021 WL 4926495, at *5 (C.D. Cal. Feb. 5, 2021) (emphasis in original) ("[W]hile [plaintiff] alleges that he received eight calls from Defendant's number within a one-year period, he only answered one of these calls—on April 10, 2020. Thus, at best, Plaintiff has only alleged *one* telephone solicitation . . . [and] has not alleged the content of the other calls that would allow the Court to reasonably infer that these other calls were solicitations.").

Not all courts have reached the same conclusion, but on distinguishable facts. In *Whittaker v. Freeway Insurance Services Am., LLC*, Judge Campbell rejected telemarketer's argument the call recipient failed to allege more than one telephone solicitation reasoning "[m]ultiple calls from the same telephone number over the course of a few days suggests a common purpose in the calls, and the recorded voicemail clearly suggests the purpose of the calls." No. 22-8042, 2023 WL 167040,

at *2 (D. Ariz. Jan. 12, 2023). But the call recipient before Judge Campbell not only received four calls and a voicemail from the same number; but also affirmatively called the company back and spoke with the company about the calls' purpose. *Id.* at *1. Mr. Weingrad received calls from nine different numbers allegedly associated with Top Healthcare Options. *Cf. Atkinson v. Choice Home Warranty*, No. 22-4464, 2023 WL 166168, at *5 (D.N.J. Jan. 11, 2023) (distinguishing *Greene*, 2021 WL 4926495) (call recipient answered three calls from company and received repeated calls from the same number); *Spurlark v. Dimension Serv. Corp.*, No. 21-3803, 2022 WL 2528098, at *1 (S.D. Ohio July 7, 2022) (call recipient received voicemails on ignored calls and ultimately answered an incoming call and spoke with a representative for the company); *Bird v. Pro Star Builders, Inc.*, No. 22-3610, 2022 WL 18216007, at *1 (C.D. Cal. Nov. 28, 2022) (all calls to call recipient, including the call the recipient answered, came from the same telephone number); *Chapman v. Nat'l Health Plans & Benefits Agency, LLC*, 619 F. Supp. 3d 788, 790 (E.D. Mich. 2022) (same); *Toney v. Quality Res., Inc.*, 75 F. Supp. 3d 727, 732 (N.D. Ill. 2014) (same).

[30] ECF 12 ¶¶ 30–31.

[31] *Id.* ¶ 32.

[32] ECF 24-1 at 6 n.2.

[33] ECF 30 at 4–5.

[34] 47 C.F.R. § 64.1200(f)(15).

[35] *Gillam*, 2023 WL 2163775, at *3.

[36] *Id.*

[37] No. 16-01113, 2017 WL 3841491 (D. Ariz. Feb. 15, 2017).

[38] *Id.* at *3.

[39] *Id.* (citing *Twombly*, 550 U.S. at 555).

[40] No. 22-4464, 2023 WL 166168, at *5 (D.N.J. Jan. 11, 2023).

[41] *Id.* at *1.

[42] *See, e.g.*, *Dudley v. Vision Solar, LLC,* No. 21-659, 2021 WL 3077557, at *1 (E.D. Pa. July 21, 2021) (plaintiff pleading detailed allegations about the content of telephone solicitation calls).

[43] ECF 12 ¶ 32.

[44] *Twombly*, 550 U.S. at 557.

[45] ECF 24-1 at 13–14.

[46] ECF 30 at 13–15.

[47] 47 U.S.C. § 227(b)(3)(C).

[48] *Lary v. Trinity Physician Fin. & Ins. Servs.*, 780 F.3d 1101, 1107 (11th Cir. 2015).

[49] ECF 12 ¶¶ 6, 58, 63.

[50] *See, e.g.*, *Blair v. Assurance IQ LLC*, No. 23-16, 2023 WL 6622415, at *4 (W.D. Wash. Oct. 11, 2023) (dismissing trebled damages from a Telephone Consumer Protection Act case for insufficient pleading); *Fania v. Verified Docu Serv., Inc.*, No. 22-2652, 2024 WL 1012963, at *4–5 (M.D. Fla. Mar. 8, 2024) (same).

[51] ECF 24-1 at 8–10.

[52] ECF 30 at 15–20.

[53] 73 PA. CONS. STAT. § 2245.2(k)(1).

[54] *Shelton v. FCS Cap. LLC*, No. 18-3723, 2019 WL 6726404, at *3 (E.D. Pa. Dec. 11, 2019) (quoting *Lerro ex rel. Lerro v. Upper Darby Twp.*, 798 A.2d 817, 822 (Pa. Commw. Ct. 2002)).

[55] *Id.* ("[T]he PTRA's language demonstrates the General Assembly's intent to commit enforcement of the PTRA to the Attorney General. Shelton therefore cannot maintain such a claim as a matter of law.").

[56] *Perrong v. CMI Mktg. Rsch. Inc.*, No. 22-3733, 2023 WL 6277299, at *3 (E.D. Pa. Sept. 26, 2023) (quoting 73 PA. CONS. STAT. § 201-9.2(a)) (holding a violation of the Pennsylvania Telemarketer Registration Act could not serve as a predicate claim under Pennsylvania's Unfair Trade Practices and Consumer Protection Law).

[57] Mr. Weingrad responds arguing he can show ascertainable loss by highlighting the battery power and data storage space he loses by receiving unwanted phone calls. ECF 30 at 15–20. But Mr. Weingrad ignores the General Assembly's requirement Unfair Trade Practices and Consumer Protection Law claimants must show ascertainable loss tied to "purchase[d] or lease[d] goods or services" as a result of the covered unlawful practice. 73 Pa. Stat. § 201-9.2. Mr. Weingrad does not allege that he purchased his phone, electricity, or phone data from Top Healthcare Options.

[58] Mr. Weingrad argues Top Healthcare Options should have challenged standing under Federal Rule of Civil Procedure 12(b)(1). ECF 30 at 11. But we "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Hartig Drug Co. Inc. v. Senju Pharm. Co.*, 836 F.3d 261, 267 (3d Cir. 2016) (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006)).

[59] ECF 12 at 12.

[60] ECF 24-1 at 10–13.

[61] ECF 30 at 11–13. Mr. Weingrad relies on *Abramson v. AP Gas & Elec. (PA), LLC*, No. 22-1299, 2023 WL 1782728 (W.D. Pa. Feb. 6, 2023). In *Abramson*, the defendant-caller was sued for using automated voice messages, not for a Do Not Call Registry violation, and defendant had been earlier sued for the same statutory violation. *Id.* at *4–5.

[62] *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021) (citations omitted).

[63] *McNair v. Synapse Group Inc.*, 672 F.3d 213, 223 (3d Cir. 2012) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983)).

[64] *O'Shea v. Littleton*, 414 U.S. 488, 495–96 (1974).

[65] *Int'l Union, United Auto. Aerospace & Agr. Implement Workers of Am., AFL-CIO v. Amerace Corp.*, 740 F. Supp. 1072, 1086 (D.N.J. 1990) (citing *Weinberger v. Romero–Barcelo*, 456 U.S. 305, 312 (1982); *Natural Resources Defense Council, Inc. v. Texaco Refining and Marketing, Inc.*, 906 F.2d 934 (3d Cir. 1990)).

[66] Our colleagues dismiss injunctive relief remedies for Telephone Consumer Protection Act claims where plaintiffs fail to plead future harm. *See, e.g.*, *Zononi v. CHW Grp., Inc.*, No. 22-14358, 2023 WL 2667941, at *5 (S.D. Fla. Mar. 7, 2023) (dismissing injunctive relief from Telephone Consumer Protection Act claim); *Schaevitz v. Braman Hyundai, Inc.*, 437 F. Supp. 3d 1237, 1251–52 (S.D. Fla. 2019) (same).